[Noble, et al., Extrs. etc. v. Jackson.]

# Noble, *et al.*, Extrs, etc. *v.* Jackson.

*Final Settlement of Estate.*

[Decided Feb. 4th, 1902.]

1. *Executors' commissions; when decree of probate court will not be disturbed.*—Unless it appears that the probate court, •on final settlement, has allowed to executors commissions unreasonably great or small, its judgment will not ordinarily be disturbed on review.

2. *Same; what are not extraordinary services.*—The fact that one of several executors transacted most of the business of the executorship does not characterize his services as extraordinary, meriting extra compensation.

3. *Counsel fees, when not allowed to executors.*—Fees due to counsel for services in behalf of executors in maintenance of improper efforts to charge the estate in their favor or to postpone final settlement are not allowable out of the estate.

4. *Bookkeeper, when salary of, employed by executors, not allowed against estate.*—Where accounts necessary to be kept in the course of administration involve little more than statements of receipts and disbursements and are such as require no special skill or attention beyond what those assuming executoral duties may be expected to bestow in person, the expense of employing a bookkeeper is not properly allowable against the estate.

5. *Interest, when not properly charged against executors.*—Upon final settlement of an estate it is improper to charge three executors with interest upon a sum which had theretofore been received by a fourth executor, as commissions, under agreement of parties.

APPEAL from Montgomery Probate Court.
Tried before Hon. J. B. GASTON.

This is an appeal by George D. Noble, Ruth Hooker and D. S. Woodworth, executors, from a decree of the probate court upon the final settlement of the estate of Jesse Hooker, deceased. Mrs. Jackson, mentioned in the opinion, was one of the executrices in the will.

GORDON MACDONALD, for appellants, cited *Englehart v. Yung's Heirs*, 76 Ala. 534; *Hall v. Pegram*, 85 Ala. 522; *Holman v. Sims*, 39 Ala. 709; *Clark v. Eubanks*, 80 Ala. 584; *Munden v. Bailey*, 70 Ala. 63.

GUNTER & GUNTER, *contra*, cited *Noble v. Jackson*, 124 Ala. 311; *Smyley v. Reese*, 53 Ala. 100; *Munden v. Bailey*, 70 Ala. 67; *Gould v. Hays*, 19 Ala. 459; *Pearson r. Darrington*, 32 Ala. 227; *Powell v. Powell*, 10 Ala. 914; *Pryor v. Davis*, 10 Ala. 125; *O'Neil v. Donnell*, 9 Ala. 734; *Hearin v. Savage*, 16 Ala. 291; *Henderson r. Simmons*, 33 Ala. 297.

SHARPE, J.—The opinion rendered in *Noble v. Jackson*, 124 Ala. 311, is referred to for a statement of the nature of this case and of the general principles of law pertaining to it. Now as upon that appeal the main controversy involves claims of appellants made in their final settlement of the estate they represent for commissions for extra services and for expenses of the executorship including the employment of a bookkeeper and of counsel, and in addition thereto charges against the appellants as interest on moneys of the estate. The assignments of error which do not relate to those matters have not been argued in briefs for appellants and, therefore, will be treated as waived.

What within the maximum fixed by statute is a fair compensation to be allowed executors by way of commissions is by the statute committed in the first instance to the determination of the probate court; and unless it appears that the court has allowed an amount unreasonably great or small, its judgment will not ordinarily be disturbed on review. The bulk of this estate consisted of securities the assembling and distribution of which appears to have involved much less of time and trouble than is usually incident to the administration of estates of such value, and upon this consideration we are unable to conclude that the probate court's action in fixing commissions at a total of $1,200 was erroneous. The fact that George D. Noble transacted most of the business of the executorship does not of itself characterize his services as extraordinary,

nor was there anything in the record showing the rendition of extraordinary services by him or his co-representatives, meriting compensation as such.

For counsel fees there has been allowed appellants, partly by the court, partly by agreement and including an amount supplied for them by the residuary legatee a total of $3,500. The evidence does not show this sum was insufficient as compensation for all services rendered by counsel in representing them in their rightful contentions in the interest of the estate. Testimony relied on to swell the allowance shows the witnesses based their total estimates of value partly on services which were in maintenance of improper efforts of appellants to charge the estate in their favor and to postpone its final settlement. While the fees charged for such services may not be unreasonable as against the appellants, they are not proper for allowance out of the estate.

Accounts necessary to be kept in the course of the administration involved little more than statements of receipts and disbursements and were such as required no special skill or attention beyond what those who assume executorial duties may be expected to bestow in person. Therefore, the expense of employing a bookkeeper was correctly disallowed as a credit on the account.

Under principles and conclusions stated by this court on the first appeal appellants were liable for the interest charged against them on the settlement except that so much of the last debit in the stated account as seems to have been calculated on $600 received by Mrs. Jane Jackson as commissions under the agreement of parties made October 3, 1896, was improperly charged as upon moneys in the hands of appellants. To correct this the decree of the probate court will be here modified as of the date of its rendition so that the amount decreed to be recovered by the appellee from appellants will be $4,849.72. As so modified the decree will be affirmed without damages.

Let the costs of appeal in this court and in the probate court be paid by the appellee.